[Civ. No. 13322. Second Dist., Div. Two. Dec. 5, 1941.]

ELLA M. JOHNSON, Respondent, v. CHARLES P. WARDEN, Appellant.

J. Everett Brown for Appellant.

Nadia Williams for Respondent.

SCOTT (R. H.), J. *pro tem.*—Defendant Warden appeals on the judgment roll from a judgment for plaintiff quieting title to certain real property.

The questions requiring consideration on this appeal are whether the amended complaint states facts sufficient to constitute a cause of action and whether the findings support the judgment against defendant Warden.

The complaint alleges, in count one, ownership in plaintiff and adverse wrongful claim by defendants. Count two alleges that defendants Chamberlain and Elstrod borrowed $2000 from plaintiff in November, 1931, and gave her a mortgage on the land in question as security for the loan, which was duly recorded with the registrar of titles. Four years later, being a year after the loan had matured, plaintiff accepted a deed to the property in lieu of payment of the mortgage. This deed did not show on its face that the property was registered under the Land Title Law, (Torrens Act) Deering's General Laws (1937), vol. II, p. 4045 [Stats. 1915, p. 1932; Deering's Gen. Laws, 1937, Act 8589], due to mistake and inadvertence on the part of Chamberlain and Elstrod. Plaintiff, because of ignorance and inexperience, recorded the deed in the office of the county recorder and not in the office of the registrar of titles. Both offices were in the same room. Plaintiff took possession of the property and placed a "for sale" sign on it giving her name and address. Sometime in 1937 plaintiff discovered that an insurance company in 1934 had recorded a deficiency judgment

against Chamberlain and Elstrod in a sum in excess of $6000, which had become a lien on the property. It is further alleged that in February, 1940, defendant Warden came to Chamberlain and Elstrod and told them he had purchased the land from the tax collector and held tax title thereto, and that as "a matter of formality to satisfy the title company" he needed a quitclaim deed from the former owners. Chamberlain told him of the deed to Johnson, and Warden said he intended to secure a deed from her and that he was paying to have the deficiency judgment satisfied. Warden paid Chamberlain and Elstrod $10 each to sign a quitclaim deed to the property.

Count two further alleges that Warden had not purchased the land, that he had paid nothing for the deficiency judgment, which was then barred by the statute of limitations, that his representations were knowingly false and were made to deceive Chamberlain and Elstrod and to obtain the conveyance, and that if the latter had known the truth they would not have executed the quitclaim deeds. It further sets out that Warden is in the business of acquiring land by fraudulent methods and by taking advantage of ignorant and inexperienced persons, and had given no consideration except the total sum of $20, paid to his co-defendants.

Count three alleges the mutual mistakes concerning the form of deed necessary to convey title from Chamberlain and Elstrod to plaintiff and the requirement of law concerning the recording or registering of the same, and that plaintiff first knew of the requirement of registering the conveyance under the Torrens Act in May, 1940, after Warden had secured the documents from Chamberlain and Elstrod.

Section 37 of that act provides: "In case of fraud, any person defrauded shall have all rights and remedies that he would have had if the land were not under the provisions of this act; provided, that nothing contained in this section shall affect the title of a registered owner who has taken *bona fide* for a valuable consideration, or of any person *bona fide* claiming through or under him."

It appears from the complaint that Warden was not an innocent purchaser for value, but that upon discovery by him of an inadvertence of innocent parties, dealing with each other in good faith but under a mistaken idea of what they were required to do, sought to take advantage of them by

falsehood and trickery which equity is bound to disapprove. He accepted the quitclaim deeds knowing that Chamberlain and Elstrod had no equitable title to or interest in the property, and he acquired no title thereby as against this plaintiff.

The trial court found the allegations of the complaint to be true, and set out its conclusions of law pursuant thereto. It thereupon rendered judgment for plaintiff quieting title to the property and requiring Chamberlain and Elstrod to execute new instruments to make its decree effective.

The appeal is without merit. Judgment affirmed.

Moore, P. J., and McComb., J., concurred.